IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                                   CIV 01-243 JP/KBM
                                                      CR 99-512 JP

JORGE OROZCO-HERRERA,

        Defendant-Movant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        Defendant Orozco's § 2255 Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody was filed by the Clerk on March 1, 2001.  *Doc. 1.*  This matter is presently before the Court on a separate motion by Defendant dated February 21, 2001 and filed at the same time as his § 2255 motion.  Orozco asks the Court to find there is "cause" for filing outside the applicable one-year limitations period.  *Doc. 2.*  Having reviewed the pleadings and exhibits on file, I will recommend that the presiding judge find that any delay should be equitably tolled.

        Defendant was sentenced on January 19, 2000.  The Court recommended Defendant serve his sentence in Arizona, where he presently remains incarcerated.  Certain counts of the indictment were dismissed, and the judgment was entered on Wednesday, February 9, 2000.  *See* CR 99-512 JP *(Docs. 79, 82 & 84).*  Because Defendant did not pursue a direct appeal, his conviction became "final" for limitations purposes at the latest on Tuesday, February 22, 2000 since the deadline for filing a direct appeal expired over the weekend and the following Monday was President's Day holiday).  *See* FED. R. APP. P. 4(b) (defendant's notice of appeal must be

filed within ten days of judgment or order appealed from, whichever is later).  Thus, Defendant's § 2255 motion was due by February 21, 2001.  *See United States v. Burch,* 202 F.3d 1274, 1278 (10th Cir. 2000); *see also United States v. Johnson,* 210 F.3d 390 (10th Cir. 3/5/00) (unpublished) ("For purposes of the Antiterrorism and Effective Death Penalty Act of 1996 [Defendant's] conviction was final when the time to file a direct appeal expired.").

Orozco asserts that equitable tolling is appropriate because he has been attempting to initiate this action since December 2000.[1]  Defendant attaches to the motion an envelope addressed to this district court at "P.O. Box 689," postmarked December 22, 2000, and stamped by the postal service as "undeliverable as address forwarding order expired."  The Court notes that this post office box served as the Clerk's mailing address for many years prior to our Fall 1999 relocation to the new federal courthouse.  Orozco contends that this post office box address was given to him by the law library clerk at the Federal Correctional Facility in Stafford, and remains as the address officially carried for the District of New Mexico federal district court at that Arizona facility.

Attached to Orozco's § 2255 motion are two envelopes addressed to this court at "415 Tijerdes, N.W." which reflect a postmark of February 22, 2001.  Apparently, "415 Tijeras" served an address for the New Mexico Second Judicial Court because their criminal division then sent these materials to this court at our correct 333 Lomas Boulevard address.  Thus, Orozco's § 2255 motion, *in forma pauperis* affidavit, and motion for "cause" finally arrived at the correct court in an envelope postmarked February 27, 2001, and those materials were received and filed by the

---

[1]  Indeed, Defendant's request to proceed *in forma pauperis* is dated December 13, 2000, his § 2255 motion is dated December 15, 2000, and his financial information was generated by the Arizona prison on December 17, 2000.

Clerk on March 1, 2001.  In his motion for "cause," Defendant indicates that the law library clerk at the Arizona prison provided the wrong post office box address and "through due diligence the defendant located this [second] address, with hopes that it is the correct address, finds is way to the Clerk . . . and is filed without [delay]."  *Doc. 2.*

The United States does not challenge the factual accuracy of Defendant's assertions **or** the materials he submitted to demonstrate why filing was delayed.

> Plaintiff is willing to accept the averments in the [motion for cause]
> as true.  Plaintiff would also be willing to treat the § 2255 as having
> been filed on December 22, 2000 if Movant had sought to re-file
> the § 2255 motion promptly.  However, 69 days elapsed between
> the initial attempted filing and that actual filing.  A delay of more
> than two months is unreasonable, however expansively the court
> wishes to define "diligence."

*Doc. 7* at 1.   Simply put, I disagree.

Orozco reasonably assumed that an address supplied to him by the federal prison law library would be correct.  It is not clear exactly when Defendant received the returned December mailing, but given the holidays, I assume it was sometime after January 1, 2001.  By February 21, 2001,[2] Defendant had drafted his motion for cause and attempted to submit the materials again to the "Tijerdes" address he had located.  Because Defendant's efforts under these circumstances demonstrate diligence in attempting to timely file his § 2255 motion, I find that equitable tolling is warranted.  *See Marsh v. Soares,* 223 F.3d 1217 (10th Cir. 2000), *cert. denied,* 121 S. Ct. 1195 (2001).

---

[2] Neither party discusses when Orozco actually placed the envelope into the prison system's mail or any possible effect of the "mailbox rule" on the timeliness of the § 2255 motion. *See  Houston v. Lack*, 487 U.S. 266 (1988); *see also United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999).  Because I find that equitable tolling should be applied in any event, I need not address the issue *sua sponte*.

The United States indicated that it could not respond to the § 2255 motion because the allegations were vague and Defendant did not file the "affidavit" that he noted was forthcoming. It requested an extension to file its response. *Doc. 6.* Subsequently, however, Defendant filed a "Memorandum of Points And Authorities In Support of § 2255 Motion." *Doc. 8.* Having read the memorandum, I believe the Defendant's arguments are sufficiently clear for the United States to formulate a response.

Wherefore,

**I HEREBY RECOMMEND** that Defendant's motion for "cause" be granted, *Doc. 2,* and that his § 2255 motion be considered timely filed.

**I FURTHER RECOMMEND** that if this recommended disposition is adopted, the United States' motion for an extension be granted, *Doc. 6,* and it respond within thirty days of adoption.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

                                          _____
                                          UNITED STATES MAGISTRATE JUDGE